OaRUTiiees, J.,
delivered the opinion of the court.
Joseph Crowder died in Virginia, 14th of February, 1843, intestate, leaving a widow and five infant children, *366 and three slaves, Rose, Elizabeth and Susan. No administrator was appointed in Yirginia, and there were no debts. The widow came to this State with the children and slaves. In 1849 she filed a bill in the chancery court at Carthage, as guardian of her children, praying for leave to sell Susan and vest the proceeds in a tract of land. Pending this application, the widow resigned her guardianship, and defendant Coggin was appointed guardian on the 7th of January, 1850. At the February Term, 1850, of said chancery court, a decree was made to sell Susan at the minimum of three hundred and seventy-five dollars, which after paying' cost, was to be vested in the said land. The decree does not appear to have been executed, but the record was read as evidence on the trial of this suit. Coggin as guardian, hired the slave Susan to the defendant Hale, and she died in his possession during the time for which she was hired. At the January Term, 1852, of the county court of DeKalb, the plaintiff took out letters of administration on the estate of Joseph Crowder, and on the sixth day of the same month, brought this suit to recover the value of the girl Susan.
The court charged the law in reference to the issues, to be, that if the defendants come to the possession of the negro with the approbation and consent of Mrs. Crowder, and as guardian of Crowder’s children, and showed by proof that the death was not the result of any wrong or negligence of theirs or either of them, but that they bestowed such care and attention on her health as a prudent and humane man would exercise, they would not be liable. The jury found for the defendants.
*367 The pleas as well as the charge, probably place the defense on the wrong ground, being that of bailor and bailee, but any error that may exist in this, cannot in our view of the case, be injurious to the plaintiff, and does not affect the correctness of the verdict and judgment against him. Since the act of 1827, ch. 61, Car. & Hich., 82, the title to slaves does not pass to the personal representative, as before that act was the case as to all personal property, but to the distributees, as land goes to the heirs on the death of their ancestor, with no other exception but that the administrator is bound to take possession of them, and if not required to pay debts to distribute them. He has no power of disposition even for the payment of debts or for distribution, but by decree of court. If then the title passes to the dis-tributees who are infants, and there is no administrator to take possession of slaves, it is the duty of their guardian to take charge of them, and hire them out, and he is not a wrongdoer but holds them rightfully. To be sure they are held subject to the claim of an administrator, if one should be appointed afterwards, and need them for the payment of debts. It would be absurd to hold, since the title goes to the distributees, subject only to the payment of the debts of the intestate, or to the right of the administrator for that purpose, that the latter could recover them from the rightful owners, when it is shown as in this case that there are no debts.
The guardian then in the case before us, was not an executor de son tort, nor was he guilty of a conversion iq hiring the slave to his co-defendant Hale, but was acting in the discharge of his duty as guardian. He is not answerable to the plaintiff even for neglect of duty, *368 but only to Ms wards. The plaintiff’s right to recover as administrator against the guardian, would only extend to slaves of the estate then living, and which he could show were necessary for the payment of debts. But in this case the only question presented is, whether the guardian is liable to the administrator under the circumstances here presented, for the value of the slave which has died, as a wrongdoer, and to this question alone we confine our decision.
It is assumed in the argument, that the hire of slaves is not assets, because they go to the widow and heirs who take them subject only to the debts of the deceased, just as the heirs take the land; that it is a conversion by the administrator to hire them out, and that "an executor in his own wrong can be in no better condition, but must certainly be liable for an act of ownership amounf-ing to a conversion even in a rightful representative. If the first position of the argument were conceded, the conclusion would not follow, because we hold that Coggin is not an executor of his own wrong, but that his possession was rightful and proper, and that his functions as guardian imposed upon him the right and duty of hiring out the slaves of his wards.
So in every view of this question, which we have been able to take, we are brought to the conclusion that the plaintiff cannot recover.
Let the judgment be affirmed.